[S. F. No. 15626. In Bank.—December 21, 1936.]

MARIE ABELEIN, as Executrix, etc., Appellant, v. LUELLA D. PEPPER, Respondent.

Carl W. Mueller for Appellant.

Fred A. Watkins for Respondent.

LANGDON, J.—Katherine Schwalm, the decedent, a resident of San Francisco, made a will in 1930 leaving her

estate to her sole heir, a brother living in Germany. In February, 1935, said decedent was suffering from cancer, and death was imminent. Defendant was manager of the Lasswell Undertaking Company, which had attended to the burial of the decedent's husband some time before. Defendant visited the decedent frequently, performing some services for her. The decedent told defendant that she wanted to assure herself of suitable cremation and burial, and that she wished to leave her property to defendant in return for her promise to handle these matters. Defendant called her attorney, who endeavored to persuade the decedent to make a will. Decedent declared that she was opposed to probate proceedings, and insisted on a deed. Accordingly, said attorney prepared a grant deed of the decedent's property, which she signed and handed to him with instructions to record the same and give it to defendant. This occurred on February 20, 1935, and decedent died March 5, 1935. Plaintiff, executrix under the will previously made, brought this action attacking the validity of the deed. The trial court found that the grantor was of sound mind, and that the deed was validly executed and delivered for sufficient consideration.

Plaintiff argues that the consideration was wholly disproportionate, and that the transaction involves violation of a fiduciary relation. There is, of course no fiduciary relation between a prospective undertaker and a dying person; and adequacy of consideration is not necessary for the transfer of property by deed. The land in question, three lots on the outskirts of town, together with a small 25-year-old house, was estimated by one witness to be worth $1,000, and by another $2,000. No evidence at all appears as to the cost of cremation and burial. Assuming, as plaintiff does, that it will be less than the value of the property, there is still no legal reason why the grantor could not give her property for a promise or as a gift to any person she chose, without regard to her surviving relative. The evidence here clearly shows the intention and act which constitute valid delivery of a deed.

The judgment is affirmed.

Shenk, J., Edmonds, J., Curtis, J., Thompson, J., Waste, C. J., and Seawell, J., concurred.